UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TANYA WEYKER,

                               Plaintiff,

v.

DEPUTY JOSEPH QUILES,
SCOTT GRIFFIN, BYRON TERRY,
MATTHEW PARADISE,
DAVID CLARKE, JR., and
MILWAUKEE COUNTY,

                              Defendants.

Case No. 14-CV-782-JPS

ORDER

       The parties filed a joint stipulation for a protective order on December 1, 2014. (Docket #16). The parties request that the Court enter such an order so that they may avoid the public disclosure of various sensitive personnel documents. (Docket #16). Rule 26(c) allows for an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G), Civil L.R. 26(e).

       The Court sympathizes with the parties' request and will grant it, but, before doing so, must note the limits that apply to protective orders. Protective orders are, in fact, an exception to the general rule that pretrial discovery must occur in the public eye. *American Telephone & Telegraph Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1979); Fed. R. Civ. P. 26(c); *see also Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945–46 (7th Cir. 1999). Litigation must be "conducted in public to the maximum extent consistent with respecting trade secrets…and other facts that should be held in confidence." *Hicklin Eng'r, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006).

       Nonetheless, the Court can enter a protective order if the parties have shown good cause, and also that the order is narrowly tailored to serving

that cause. F.R.C.P. 26(c); *see, e.g.*, *Citizens First Nat'l Bank of Princeton*, 178 F.3d at 945, *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) (holding that, even when parties agree to the entry of a protective order, they still must show the existence of good cause). The Court can even find that broad, blanket orders—such as the one in this case—are narrowly tailored and permissible, when it finds that two factors are satisfied:

    (1)    that the parties will act in good faith in designating the portions of the record that should be subject to the protective order; and

    (2)    that the order explicitly allows the parties to the case and other interested members of the public to challenge the sealing of documents.

*Cty. Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2006) (citing *Citizens First Nat'l Bank of Princeton*, 178 F.3d 943, 945 (7th Cir. 1999)).

    The parties have requested the protective order in this case in good faith. This is a civil rights case, and it may involve documents containing information about personnel records (Docket #16). The Court thus finds that there is good cause to issue the requested protective order.

    Moreover, the parties' proposed protective order is narrowly tailored toward achieving the confidentiality of only the sensitive documents discussed. The Court is confident in the abilities of the parties to appropriately identify such sensitive documents. The Court has also altered paragraph 9 so that the parties' submission of confidential documents complies with the Court's and this district's standard practice and also allows members of the public to challenge the sealing of documents in this case.

    Finally, the Court must note that, while it finds the parties' proposed order to be permissible and will, therefore, enter it, the Court subscribes to the view that the Court's decision-making process must be transparent and as publicly accessible as possible. Thus, the Court preemptively warns the parties that it will not enter any decision under seal.

Page 2 of 6

Case 2:14-cv-00782-PP   Filed 12/15/14   Page 2 of 6   Document 17

Because the parties' proposed protective order adequately complies with the standards set forth above (after the Court's minor changes), the Court will enter an order based on the parties' joint motion and proposed order to the Court.

Accordingly,

Based on the stipulation of the parties (Docket #16), the Court finds that the exchange of sensitive information between the parties and/or third parties other than in accordance with this Order may cause unnecessary damage and injury to the parties and to others. The Court further finds that the terms of this Order are fair and just and that good cause has been shown for entry of this Order.

IT IS THEREFORE ORDERED that

1. Designation of confidential information must be made by placing or affixing on the document in a manner which will not interfere with its legibility the word "CONFIDENTIAL." One who provides material may designate it as "CONFIDENTIAL" only when such person/entity in good faith believes it contains confidential information regarding personnel matters or other nonpublic technical, commercial, financial, medical, personal, or business information. Except for documents produced for inspection at the parties' facilities, the designation of confidential information must be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential

documents before they are copied and marked confidential pursuant to this procedure.

2. Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives must be deemed confidential only if they are designated as such when the deposition is taken.

3. Information or documents designated as confidential under this Protective Order must not be used or disclosed by the parties or counsel for the parties or any persons identified in paragraph 4 for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

4. The parties and counsel for the parties must not disclose or permit the disclosure of any documents or information designated as confidential under this Protective Order to any other person or entity, except that disclosures may be made in the following circumstances:

a. Disclosure may be made to employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Protective Order requiring that the documents and information be held in confidence.

b. Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed who are identified as such in writing to counsel for the other parties in advance of the disclosure of the confidential information.

c. Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any

such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Protective Order.

        d.    Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Protective Order requiring that the documents and information be held in confidence. In the event a party has disclosed any confidential information to experts prior to the entry of this Protective Order, the experts must be informed of and agree to be subject to the provisions of this Protective Order requiring that the documents and information be held in confidence on a prospective basis.

5.    Except as provided in paragraph 4, counsel for the parties must keep all documents designated as confidential which are received under this Protective Order secure within their exclusive possession and must place such documents in a secure area.

6.    All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Protective Order, or any portion thereof, must be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

7.    To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be confidential, these papers or any portion thereof must be filed under seal by the filing party with the Clerk of Court in an envelope marked "SEALED." A reference to this Protective Order may also be made on the envelope.

8. Any party filing information claimed to be confidential under 7 must include with that filing either: (1) a motion to seal the material pursuant to General L.R. 79(d); or (2) an objection to the designation of the information as confidential. If such an objection is made, the person having designated the information as confidential may file a motion to seal under General L.R. 79(d) within 21 days of the objection.

9. The designation of confidentiality by a party may be challenged by the opponent upon motion. The movant must accompany such a motion with the statement required by Civil L.R. 37.1. The party prevailing on any such motion must be entitled to recover as motion costs its actual attorneys fees and costs attributable to the motion. Furthermore, any non-party may file a motion challenging a designation made by any party or non-party.

10. At the conclusion of the litigation, all material not received in evidence and treated as confidential under this Protective Order must be returned to the originating party. If the parties so stipulate, the material may be destroyed.

Dated at Milwaukee, Wisconsin, this 15th day of December, 2014.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

Page 6 of 6
Case 2:14-cv-00782-PP   Filed 12/15/14   Page 6 of 6   Document 17